TRAVELERS' INSURANCE CO. *v.* BENJAMIN DOUGLAS CO.

PRINCIPAL AND AGENT—INSURANCE—PAYMENT OF PREMIUM.

Where an agent collects insurance premiums due two different insurance companies which he represented by taking a note payable for convenience to one of the companies without the knowledge of the other, and the note is discounted by the payee and applied, at the agent's request, in liquidation of his personal account and the note is subsequently paid, there is a payment to both companies.

Error to Wayne; Mandell, J. Submitted June 11, 1917. (Docket No. 36.) Decided September 27, 1917.

Assumpsit in justice's court by the Travelers' Insurance Company against the Benjamin Douglas Com-

pany for the amount of premium on a policy of insurance. There was judgment for defendant, and plaintiff appealed to the circuit court. Judgment for plaintiff on a directed verdict. Defendant brings error. Reversed.

*Campbell, Bulkley & Ledyard,* for appellant.

*Vandeveer & Foster,* for appellee.

OSTRANDER, J.   The facts are stipulated, and, as stipulated, are:

"The Travelers' Insurance Company, plaintiff herein, through its duly authorized agent, George J. Haller, insured the Benjamin Douglas Company, defendant herein, on a contractor's and employer's liability and compensation policy.   Haller acted as agent for the Travelers' Insurance Company, with all of the usual powers of soliciting insurance, collecting premiums, etc., and at the same time he represented other insurance and bonding companies, acting in the capacity of agent for some, and in the capacity of broker for others, carrying on a general insurance business.   At the time when the facts occurred which caused this present controversy, Haller had desk room in the office of the Wolverine Insurance Agency, doing brokerage work for them; there were open accounts running between them.   The Benjamin Douglas Company placed a construction bond with the Wolverine Insurance Agency through Haller.

"At some time subsequent to the taking out of the insurance policy in the Travelers' Insurance Company $250 became due from the Benjamin Douglas Company as premium thereon.   At the same time a premium of $265 became due on the Wolverine bond. Owing to a temporary financial embarrassment, Benjamin Douglas Company could not pay the cash covering the premium to Haller, as it had done at times before, but offered to give its six months' note.   Haller agreed to accept a note for $515 covering both the insurance and the bond premiums.   The note was executed, discounted at the bank, and has subsequently been paid.

"At the request and direction of Haller, the note was made payable to the Wolverine Insurance Agency upon Haller's representations that such, procedure would facilitate its discount. It was actually discounted by the Wolverine Insurance Agency and the cash received by it. At Haller's direction, the amount was a credit to him. It was the understanding between Haller and Benjamin Douglas Company that the note was to discharge both debts; in other words, Haller was to credit the Benjamin Douglas Company with $265 on the books of the Wolverine Insurance Company, and with $250 on the books of the Travelers' Insurance Company. This Haller did not do, but instead turned the proceeds of the note over to the Wolverine Insurance Agency to discharge a personal debt due from him to the latter. Later he defaulted and absconded. Inasmuch as he was indebted to the Wolverine Insurance Agency to a considerable amount, the moneys which the note represented were retained by it to offset that indebtedness, and the Benjamin Douglas Company never received credit for the $250 on the books of the Travelers' Insurance Company.

"None of these matters, however, was referred to the office of the Travelers' Insurance Company for approval. The Travelers' Insurance Company office did not know for some time that the Benjamin Douglas Company had given its note for the premium, and neither knew nor approved the manner in which it was made out, nor did it know that the discounted amount had been appropriated, until Haller absconded, embezzling both these and other moneys due the Travelers' Insurance Company. Immediately upon discovering the embezzlement, the Travelers' Insurance Company made claim both against the Wolverine Insurance Agency, and directly against Benjamin Douglas Company. The former claim was dropped; the latter constitutes the case at bar."

Judgment went for plaintiff as upon a directed verdict, and it is assigned as error that:

"(1) The court erred in directing a verdict for the plaintiff.

"(2) The court erred in holding that under the circumstances the giving of a note to Haller, payable

to the Wolverine Insurance Agency, was not in law payment to the Travelers' Insurance Company by the Benjamin Douglas Company.

"(3) The court erred in holding that the Travelers' Insurance Company never received, directly by itself, or through its agent, Haller, the payment of the indebtedness due from the Benjamin Douglas Company to it."

Propositions advanced by the appellant are:

(1) Haller was agent of the plaintiff, and not of the assured.

(2) As agent of the plaintiff, he had power to extend credit for the payment of policy premiums.

(3) Payment to Haller was payment to the plaintiff.

As to the first proposition, appellee admits that Haller was agent for the plaintiff for the purposes of selling insurance, collecting premiums, etc., with the usual and customary powers of an insurance agent. The second proposition is admitted. It is said:

That the third proposition would be true "as to the case at bar if Haller had actually received payment. * * * It is upon the fact that Haller did not receive payment that the plaintiff contends that the judgment below in its favor was a proper one."

Appellee would agree—does agree—that if defendant had at one time paid to Haller cash for both premiums, plaintiff could not recover, and I assume would not think it mattered if payment was made in five bills of $100 denomination and $15 in another form, although obviously it would in that case be necessary to change a bill in order to properly divide the money. Defendant did not pay with money, but with a note, and afterwards paid the note. It is stipulated that upon discounting the note the amount received was "at Haller's direction" credited to him (Haller) by the payee of the note. The necessary inference is that Haller in fact controlled the application of the money

and expressly made disposition of it.   Obviously Haller, to the point where he directed the disposition of the money, acted as the agent for the plaintiff.   His method, irregular or otherwise, produced the money, without in any manner involving the plaintiff.   The money was plaintiff's money, in the control of its agent, who, it is said, misapplied it.

In suing defendant for the money, plaintiff necessarily proceeds upon the theory that the policy remained in force, and that the premium was due and unpaid.

The judgment is reversed, with costs to appellant.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.